**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED
2008 Aug 05 PM 03:47
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-35576 |
| | ) | |
| Robert Marsh and | ) | Chapter 7 |
| Margo Marsh, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This case is before the court on the United States Trustee's motion to dismiss for abuse brought under 11 U.S.C. § 707(b)(2) and (b)(3) [Doc. # 34]. A hearing was held that Debtors' counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties had the opportunity to present testimony and evidence in support of their positions. Pursuant to the court's post-hearing order, Debtors supplemented the record with evidence of the correct amount of their first and second mortgage payments at the time they filed their petition. [Doc. # 49].

The court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. *See* 28 U.S.C. § 157(a) and (b)(1). Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(J) and (O). Having considered the briefs and the arguments of counsel as well as testimony and evidence offered by the parties, for the reasons that follow, the court will grant the UST's motion and will dismiss Debtors' Chapter 7 case unless they timely convert to a case under Chapter 13.

## BACKGROUND

Debtors are married and, at the time of filing their petition, their adult son, who was a student at that time, lived with them. On December 27, 2007, they filed a joint petition for relief under Chapter 7 of the Bankruptcy Code, listing primarily consumer debts. As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Debtors completed and filed with their petition Official Form B22A, Statement of Current Monthly Income and Means Test Calculation and, subsequently, an amended Form B22A. *See* 11 U.S.C. § 707(b)(2)(C). In their amended means test calculation, they report total current monthly income ("CMI"), as that term is defined in 11 U.S.C. § 101(10A), in the amount of $6,991.06, which is above the median family income for a family of three in Ohio. Debtors' means test calculation includes deductions totaling $8,808.43. Their total deductions include deductions for future payments on secured claims in the total amount of $3,516, which amount includes $2,780 on line 42(a) for a first mortgage owed to MI Home Equity, $585 on line 42(b) for a second mortgage owed to Homecomings Financial, and $151 on line 42(c) for a car loan. [Trustee's Ex. 3, p. 7]. In light of Debtors' calculations, they report no monthly disposable income. They therefore indicate that a presumption of abuse under § 707(b)(2) does not arise.

In his motion to dismiss, the United States Trustee ("UST") disputes the amounts set forth as mortgage payments on lines 42(a) and (b) and argues that, if the means test is calculated using the proper amounts, there is a presumption of abuse. At the hearing on the motion, Debtors agreed that their amended Form B22A includes incorrect average monthly payment amounts for their first and second mortgages. After the hearing, they supplemented the record before the court with evidence that the actual amount of their first mortgage payment is $916.21 and the actual amount of their second mortgage payment is $434.90.

Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtors' financial situation demonstrates abuse, because the court agrees that a presumption of abuse arises in this case, it does not address the § 707(b)(3) argument.

## LAW AND ANALYSIS

Section 707(b)(1) provides that the court, after notice and a hearing, "may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts ... if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." Under § 707(b)(2) and (3), Congress provided two methods by which a party may prove abuse. Section 707(b)(2)(A) sets forth an extensive "means test" calculation to determine whether there is a presumption of abuse. The means test calculation requires a debtor to subtract certain allowed deductions from the debtor's CMI. A presumption of abuse

2

07-35576-maw    Doc 50    FILED 08/05/08    ENTERED 08/05/08 15:47:47    Page 2 of 3

exists if the resulting amount, multiplied by sixty, is not less than the lesser of

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
> (II) $10,950.

11 U.S.C. § 707(b)(2)(A)(i). Where the means test calculation results in sufficient disposable income such that a presumption of abuse arises, a debtor may rebut that presumption by demonstrating "special circumstances" as set forth in § 707(b)(2)(B).

In this case, the court finds that a presumption of abuse arises. As indicated above, Debtors overstated their deduction on line 42(a) and (b) for future payments on their mortgage debt by $2,013.89. This amount subtracted from Debtors' reported total deductions results in total deductions of $6,794.54, which, when subtracted from Debtors' CMI, results in monthly disposable income of $196.52, or $11,791.20 over a sixty-month period. Thus, a presumption of abuse arises, and Debtors have demonstrated no special circumstances rebutting that presumption.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors are allowed thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case, absent which the United States Trustee's motion to dismiss [Doc. # 34] will be granted, and this case will be dismissed by separate order of the court.